UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE

Theodore Roosevelt

    v.                                      Civil No. 18-cv-927-JL

AT&T

                        **REPORT AND RECOMMENDATION**

    Before the court is the complaint (Doc. No. 1) filed by pro se and in forma pauperis plaintiff Theodore Roosevelt.  The complaint is before the court for preliminary review, pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e).


                              **Background**

    Roosevelt alleges that on September 9, 2018, he went to an AT&T store in Concord, New Hampshire for assistance with a problem he as having with an app on his iPod.  An AT&T employee told Roosevelt to uninstall and reinstall the app but Roosevelt, concerned about losing data stored in the app, stated he was going to "look it up on YouTube."  The store employee misunderstood Roosevelt and believed that he intended to post a video of the employee on YouTube.  The two argued, and the employee asked Roosevelt to leave the store.  Roosevelt asked the employee for her name so he could "call Corporate" on her.  When the employee refused to give Roosevelt her name, Roosevelt called the police, who obtained the employee's name and gave it to Roosevelt.

Roosevelt states that he called AT&T's corporate offices and was told they are investigating the employee. Roosevelt has not received any information concerning the investigation. Roosevelt brings this action against AT&T seeking unspecified redress for the stress, anxiety, suffering, loss of sleep and detriment to his mental health he claims his interactions with AT&T have caused.

## Discussion

I.  Standard

This court may dismiss claims asserted in pleadings filed by parties proceeding in forma pauperis, if they have failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). In determining whether a pro se pleading states a claim, the Court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013).

II.  Failure to State a Claim

Roosevelt has no right to be treated with courtesy by an employee in a retail store, or to obtain the name of a retail employee on demand. Further, Roosevelt has no protected

interest in obtaining the results of a personnel investigation by a corporation of one of its employees. The fact that the interaction caused Roosevelt anxiety and stress, without more, does not give rise to any cause of action actionable in this court. Therefore, the facts alleged in the complaint fail to state any plausible claim upon which relief can be granted, and the district judge should dismiss the complaint in its entirety, pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e).

## Conclusion

For the foregoing reasons, the district judge should dismiss this action. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

*Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge

October 16, 2018

cc:   Theodore Roosevelt, pro se